MARK E. FERRARIO
Nevada Bar No. 01625
ALAYNE M. OPIE
Nevada Bar No. 12623
BETHANY L. RABE
Nevada Bar No. 11691
JERRELL L. BERRIOS
Nevada Bar No. 15504
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Ste. 600
Las Vegas, NV 89135
Tel:   (702) 792-3773
Fax:   (702) 792-9002
Email:   ferrariom@gtlaw.com
            opiea@gtlaw.com
            rabeb@gtlaw.com
            berriosj@gtlaw.com

*Attorneys for Playstudios US, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PLAYSTUDIOS US, LLC, a Delaware Limited Liability Company,<br><br>Petitioner,<br><br>v.<br><br>BROOKE KINGSTON, an individual,<br><br>Respondent. | Case No.<br><br>**MOTION TO CONFIRM ARBITRATION AWARD** |

Petitioner Playstudios US, LLC ("Playstudios"), through counsel, the law firm of Greenberg Traurig, LLP, moves to confirm a final arbitration award issued in JAMS Ref No. 5425001120, against Respondent Brooke Kingston ("Kingston"), and alleges as follows:

**PARTIES**

1. Playstudios is a duly formed Delaware limited liability company that is authorized to, and does, conduct business in Clark County, Nevada. None of Playstudios' members are residents of Kentucky for diversity purposes.

2.     Upon information and belief, Kingston is an individual who resides in Benton, Kentucky.

### JURISDICTION AND VENUE

3.     This dispute arises from agreements that are governed by and construed in accordance with Nevada law and in which the parties to the agreements consented to this Court's jurisdiction pursuant to the Federal Arbitration Act ("FAA") and a forum selection clause.  The arbitration award was issued in Las Vegas, Nevada, and venue and jurisdiction are thus proper under the FAA.  *See* 9 U.S.C. § 9 ("If no court is specified [for the purposes of confirming the arbitration award] in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.").  Specifically, the parties agreed to submit to "the exclusive jurisdiction and venue" of "the state and federal courts located in the District of Nevada and each of the parties hereto waives any objection to jurisdiction and venue in such courts." *See, e.g.*, Playstudios' Terms of Service ("TOS") attached to Kingston's Statement of Claim ("Demand"), a true and correct copy of which is attached as **Exhibit A**.

4.     Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Complete diversity of citizenship exists between the parties.

5.     The amount in controversy exceeds $75,000.  Though Kingston seeks declaratory relief only, "it is well established [in such cases] that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (superseded by statute on other grounds).  Kingston judicially admitted that the purpose for the declaratory relief she sought in arbitration was to void the agreement between Playstudios and Kingston so that she may "file a putative class action in Kentucky seeking recovery of monies lost gambling pursuant to KRS 372.020 and 372.040." The value of the object of the litigation—to pursue a putative class action on behalf of all Kentucky residents seeking more than $75,000—thus satisfies the amount in controversy requirement.

### GENERAL ALLEGATIONS

6.     On April 20, 2023, Kingston filed her Demand and initiated arbitration against Playstudios pursuant to Playstudios's TOS.  *See generally* **Ex. A**, Demand.

ACTIVE 695962781v2

7. Playstudios operates Pop! Slots, a free-to-play mobile game application ("App") accessible worldwide on most mobile devices with cellular data or internet connection.

8. Kingston's Demand alleged that the App resembles computerized slot machines and allows users to play with virtual currency that "offer a taste of gambling." **Ex. A**, Demand, ¶¶ 3-4.

9. When a user logs into the App for the first time, they receive free virtual currency. A user could bet the free virtual currency for a chance to earn more virtual currency and continue playing.

10. Kingston alleged that when a user runs out of virtual currency, the user could exit the game and return later when the game provides more free virtual currency, or they can buy virtual currency.

11. The virtual currency cannot be converted to real money; it is "solely for your own, private, non-commercial entertainment purposes and for no other purpose whatsoever." *See* **Ex. A**, Demand, at Ex. A (TOS), p. 5. A player does not own the virtual currency and the virtual currency does "not refer to any credit balance of real points or its equivalent." *Id.* at p. 6. Players cannot transfer, trade, or sell the virtual currency. *Id.*

12. Kingston alleged that she spent money buying virtual currency to continue playing the App.

13. Kingston alleged that the act of buying virtual currency meant that she lost money gambling on the App as defined by Kentucky law.

14. Kingston acknowledged and conceded that a user must execute an agreement before logging into the App. **Ex. A**, Demand, ¶ 17.

15. The parties unambiguously agreed that the TOS "and any action related thereto will be governed by the laws of the State of Nevada without regard to its conflict of laws provisions." *Id.* at Ex. A (TOS), p. 23.

16. Despite that provision and Kingston's consent thereto, Kingston's Demand sought limited relief for an interpretation of the TOS under Kentucky law. Kingston sought declaratory relief stating (1) that the virtual currency is "something of value" under KRS 372.010, (2) that the App therefore is gambling under Kentucky law, and (3) that the TOS are void under Kentucky law. **Ex. A**, Demand, ¶ 22.

17. On October 23 and on October 30, 2023, the parties held a Preliminary Arbitration Conference to discuss scheduling and the need for discovery. The parties agreed that no discovery was necessary, and that the parties wished to submit dueling motions for summary disposition to be heard at the same time.

18. Kingston submitted a dispositive motion consistent with her Demand. The motion requested a ruling finding that the App was gambling under Kentucky law, and the TOS were thus void *ab initio*.

19. Playstudios submitted a dispositive motion arguing that the validity and construction of the TOS was governed by Nevada law, as agreed to by the parties. Playstudios further asserted an unclean hands defense, as Kingston's conduct caused the alleged illegality under her theory of why the App was gambling.

20. On February 12, 2024, the arbitrator heard oral argument from the parties on their respective motions.

21. On March 11, 2024, the arbitrator issued an Order on Pending Motions and Award dated February 22, 2024 ("Award"), a true and correct copy of which is attached as **Exhibit B**. The Award granted Playstudios' motion for summary disposition and denied Kingston's motion. The arbitrator agreed that the TOS's choice of law provision was enforceable. Nevada law thus governed the construction and validity of the TOS, and an interpretation of the TOS under Kentucky law was thus moot.

22. Because the arbitrator's finding disposed of all of Kingston's declaratory relief claims, the Award was styled as a final award.

23. The Award has not been vacated, modified, or corrected under JAMS Comprehensive Arbitration Rules, nor under 9 U.S.C. § 10 or § 11.

24. Pursuant to 9 U.S.C. § 9, Playstudios has brought this action within one year after the Award was made.

25. Pursuant to JAMS Comprehensive Arbitration Rules, Rule 25, Kingston consented that judgment upon the Award may be entered by this Court.

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Playstudios respectfully requests that this Court enter an order confirming the Award pursuant to 9 U.S.C. § 9, enter final judgment thereon pursuant to 9 U.S.C. § 13, and award Playstudios for such other and further relief this Court deems just and proper.

DATED this 18th day of March, 2024.

                                                **GREENBERG TRAURIG, LLP**

                                                */s/ Jerrell Berrios*
MARK E. FERRARIO
Nevada Bar No. 1625
ALAYNE M. OPIE
Nevada Bar No. 12623
BETHANY L. RABE
Nevada Bar No. 11691
JERRELL L. BERRIOS
Nevada Bar No. 15504
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada   89135

*Counsel for Playstudios US, LLC*