UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PLAYSTUDIOS US, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> BROOKE KINGSTON, <br><br> Defendant(s). | Case No.2:24-CV-522 JCM (NJK) <br><br> ORDER |

Presently before the court is petitioner Playstudios US, LLC's motion to confirm arbitration award. (ECF No. 5). Petitioner provided notice that respondent Brooke Kingston does not oppose this motion. (ECF No. 7).

On April 20, 2023, respondent filed a demand and initiated arbitration proceedings against petitioner (JAMS Ref No. 5425001120). (ECF No. 5 at 2). On March 11, 2024, the arbitrator issued an order on pending motions and award. (*Id*. at 4). The award granted petitioner's motion for summary disposition and denied respondent's motion for summary disposition. (*Id*.). Thus, the arbitrator's findings disposed of all respondent's relief claims. (*Id*.). Petitioner now moves to confirm the final arbitration award. (*Id*.).

"All motions may be considered and decided with or without a hearing." LR 78-1. The court has sufficient information to decide the instant motion based on the filings and thus denies any request for oral argument. *See id*.

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is

vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Hall St. Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The grounds for vacating an arbitration award are "limited" and "exclusive." *Kyocera Corp. v. Prudential-Bache Trade Servs. Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Id*.

Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers." 9 U.S.C. § 10. Arbitrators exceed their powers "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." *Id*. at 997.

"To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)).

Respondent does not oppose this motion (ECF No. 7) and does not argue that the arbitration award should be vacated, modified, or corrected pursuant to 9 U.S.C. § 9. *See* LR 7-2(d). Therefore, the court grants this motion and confirms the arbitration award.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to confirm arbitration award (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of the court is INSTRUCTED to enter judgment in favor of petitioner, confirming the arbitrator's order on pending motions and award.

1  IT IS FURTHER ORDERED that the clerk of the court is INSTRUCTED to close this
2  case.
3
4  DATED November 6, 2024.
5
6  _____
   UNITED STATES DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28